Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jessica Luck;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **The Brachfeld Law Group, a Professional Corporation;** | |
| | (Jury Trial Demanded) |
| Defendant. | |

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, court costs and attorney's fees.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose

1  from acts of the Defendant perpetrated therein.

## IV.  PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).
11. Defendant The Brachfeld Law Group, a Professional Corporation ("Brachfeld") is a California professional corporation.
12. Brachfeld regularly collects or attempts to collect debts within the State of Arizona, but none of its lawyers are licensed by the State Bar of Arizona, nor is the corporation registered with the Arizona Corporation Commission.
13. Brachfeld collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, Brachfeld collects or attempts to collect debts it has purchased after default.
15. Brachfeld is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## V.  FACTUAL ALLEGATIONS

16. Several years prior, Plaintiff opened a credit card account with Citibank.
17. The Citibank account was used to make purchases for personal, household and family purposes.
18. Plaintiff defaulted on the Citibank account.
19. Citibank subsequently assigned the debt to Brachfeld for collection.
20. Sometime between January 11, 2010 and January 18, 2010, Plaintiff received a telephone call from a Brachfeld collector concerning the

1    Citibank account.

2   21.  During this telephone call, the Brachfeld collector told Plaintiff that it would accept a payment of $1,225.50 as full and final settlement of the Citibank debt if the payment was made by January 29, 2010.

5   22.  The Brachfeld collector told Plaintiff that it needed a check-by-phone for that amount dated January 29, 2010, but that it was only a "good faith check" and not a firm commitment.

8   23.  The Brachfeld collector also told Plaintiff that she could cancel the check anytime up until January 28, 2010.

10  24.  Plaintiff's payday was January 22, 2010, and she knew that she would know whether she would have the funds to settle the Citibank debt well before the January 28, 2010 cancellation deadline, so Plaintiff agreed to give the post dated check-by-phone to Brachfeld based upon Brachfeld's representations.

15  25.  When Plaintiff was paid on January 22nd, she knew that she did not have enough to cover the post-dated check and to pay her other monthly bills.

17  26.  Plaintiff called Brachfeld on January 26, 2010 to cancel the check.

18  27.  Plaintiff spoke with a Brachfeld collector who identified herself as Star Ross.

20  28.  During the call, Ross transferred Plaintiff to Ross's manager, Natasha.

21  29.  Natasha told Plaintiff during the call that she would cancel the check.

22  30.  Plaintiff told Natasha that she would be willing to pay one-half of the $1,225.50 now, and the other have the following month, but Natasha said no.

25  31.  On January 27, 2010, Plaintiff received a faxed letter from Brachfeld

1 concerning the Citibank debt.

2 32. The January 27, 2010 letter is the first written communication sent by Brachfeld to Plaintiff concerning the Citibank debt.

3 33. The letter did not mention the check-by-phone or whether it had been cancelled.

4 34. On January 29, 2010, Plaintiff received a phone message left from Brachfeld by a collector who identified herself as Star Ross.

5 35. Ross stated in her message that "we need to make arrangements on the account."

6 36. Despite Plaintiff requesting that the post dated check be cancelled, and Brachfeld agreeing to cancel it, on January 29, 2010, Brachfeld deposited the check-by-phone with its bank.

7 37. Plaintiff first learned that Brachfeld had deposited the check on February 3, 2010, when she received notice that her bank account was overdrawn.

8 38. Plaintiff immediately called Brachfeld on February 3, 2010 and spoke with Ross.

9 39. Ross told Plaintiff that the check was supposed to have been cancelled, and did not know why it had not been cancelled.

10 40. Plaintiff next spoke with Ross's manager, Chris Savoy, who agreed that Brachfeld would refund the full amount of the check, plus Brachfeld would pay the overdraft fees charged to Plaintiff's bank account.

11 41. Between February 3, 2010 and February 15, 2010, Brachfeld repeatedly promised to refund Plaintiff the full amount of the check, but as of February 15, 2010, it had not done so.

12 42. Brachfeld has never refunded the overdraft charges incurred because of its

1    failure to cancel the check.

2    43.   Brachfeld never sent Plaintiff written notice, not more than ten and not less
3          than three business days prior to depositing the post-dated check, that it
4          intended to deposit the check.

5    44.   As a result of Brachfeld's misrepresentations and its unauthorized deposit
6          of the check, Plaintiff has incurred bank fees and other out-of-pocket
7          expenses.

8    45.   Brachfeld's actions set forth herein were intentional, willful, and in gross
9          or reckless disregard of Plaintiff's rights and part of its persistent and
10         routine practice of debt collection.

11   46.   In the alternative, Defendant's actions were negligent.

### VI. Causes of Action

### a. Fair Debt Collection Practices Act

14   47.   Plaintiff repeats, realleges, and incorporates by reference the foregoing
15         paragraphs.

16   48.   Defendant's violations of the FDCPA include, but are not necessarily
17         limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f(2), and 1692g.

### VII. DEMAND FOR JURY TRIAL

19   Plaintiff hereby demands a jury trial on all issues so triable.

### VIII. PRAYER FOR RELIEF

21   WHEREFORE, Plaintiff requests that judgment be entered against
22   Defendant for:

23         a)    Statutory damages of $1,000 pursuant to FDCPA § 1692k;
24         b)    Actual damages in amount to be determined at trial;
25         c)    Costs and reasonable attorney's fees pursuant to §1692k; and

d)      Such other relief as may be just and proper.


DATED   June 3, 2010  .


      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff